## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>EDWARD PEREIRA and<br>KATHLEEN M. PEREIRA,<br><br>　　　　Debtors | Chapter 7<br>Case No. 20-10075-JEB |
| MELISSA COUTO, as Personal<br>Representative of the Estate of Sales<br>Fernando Couto, and SCOTT W. LANG,<br><br>　　　　Plaintiffs<br>v.<br><br>EDWARD PEREIRA and<br>KATHLEEN M. PEREIRA,<br><br>　　　　Defendants | Adversary Proceeding<br>No. 20-01049-JEB |

### **MEMORANDUM OF DECISION**

This matter came on before me on the Motion to Dismiss filed by the defendants, Edward and Kathleen Pereira ("Defendants"), seeking dismissal of the Complaint to Determine Dischargeability of Debt ("Complaint") filed by the plaintiffs, Melissa Couto and Scott W. Lang ("Plaintiffs").[1] For the reasons set forth below, the Motion will be granted by separate order. The Complaint fails to state a claim that the debt was one for "willful and malicious injury" excepted from discharge under Section 523(a)(6) of the Code.

---

[1] Scott Lang is attorney of record to Plaintiff Melissa Couto in a state court action based on the claims asserted in the Complaint.

The Complaint seeks damages for a tragic event, the death of the Plaintiff Melissa Couto's father, the decedent, who died when an automotive lift fell on him. The Complaint lays out facts regarding the Defendants' control of the premises and lift, the failure of the Defendants to maintain the lift, and the failure of the Defendants to provide training or warnings to the decedent on operations of the lift. The Complaint states that as persons in control of the premises, the Defendants owed a duty of care to the decedent and others accessing the premises. Finally, the Complaint alleges that the Defendants failed to have the lift inspected for over twenty years.

For purposes of a motion to dismiss, the Court accepts all the well-pled facts as true and draws all inferences in favor of the plaintiffs. *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 532 (1st Cir. 2011). But the Court is not required to accept legal conclusions or conclusory statements disguised as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying this standard, the Court accepts as true the allegations that the Defendants controlled the premises, that they failed to maintain the lift, and that they failed to provide training or warnings to the decedent. The Court does not accept the Plaintiffs' conclusion that the acts by the Defendants were "willful and malicious." Instead, the factual allegations set forth by the Plaintiff must meet the requirements to show that the debt was one for "willful and malicious injury" under Section 523(a)(6).

To prevail on a claim that a debt is nondischargeable under Section 523(a)(6), a creditor must show that the injury is both "willful" and "malicious." "Willful" under Section 523(a)(6) requires that the creditor show a "deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("*Geiger*") (emphasis in original). The Plaintiffs must show that the Defendants intended "'the

2

*consequences* of an act,' not simply 'the act itself.'" *Id*. at 61-62 (citing Restatement (Second) of Torts § 8A, Comment *a,* p. 15 (1964)) (emphasis in original). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64.

"Willfulness" also includes acts that a debtor knows with substantial certainty will result from his act. Although the Supreme Court in *Geiger* did not expressly adopt the "substantial certainty test," it relied on the definition of intent in the Restatement (Second) of Torts in support of its analysis. *Id*. at 61-62. Under the Restatement, an actor intends the consequences of his actions if he "knows that the consequences are certain, or substantially certain, to result from his act." Restatement (Second) of Torts § 8A, Comment *b* (1965).

The "substantial certainty" test still requires that a creditor meet a high standard. To rise to the level of intent, the injury must be more than probable, it must be "substantially certain." Restatement (Third) of Torts: Phys. & Emot. Harm § 1 (2010). "As the probability that the consequences will follow decreases, and becomes less than substantial certainty, the actor's conduct loses the character of intent, and becomes mere recklessness." Restatement (Second) of Torts § 8A, Comment *b* (1965).

Under the substantial certainty test, a creditor must also show that a debtor subjectively knew that his act was substantially certain to lead to injury. Substantial certainty "must be subjective and rooted in what the debtor actually knew." *In re Flores*, 535 B.R. 468, 486 (Bankr. D. Mass. 2015). "[A] mere showing that harm is substantially certain to result from the actor's conduct is not sufficient to prove intent; it must also be shown that the actor is aware of this." Restatement (Third) of Torts: Phys. & Emot. Harm § 1, Comment *c* (2010). It is the debtor's subjective knowledge that distinguishes a willful act from one that is done with reckless disregard of the consequences. *In re Slosberg*, 225 B.R. 9, 19 (Bankr. D. Me. 1998). In contrast,

the objective standard disregards the debtor's knowledge and state of mind. *In re Su*, 290 F.3d 1140, 1145 (9th Cir. 2002). Application of an objective test of substantial certainty would be a return to the "reckless" standard that the Supreme Court rejected in *Geiger*. *In re Flores*, 535 B.R. at 486.

Applying the foregoing, the Plaintiffs failed to allege facts that rise to the level of "willfulness" within the meaning of Section 523(a)(6). The Plaintiffs do not allege that the Defendants intended to cause injury to the decedent or to the Plaintiffs. The Plaintiffs repeatedly allege that the Defendants engaged in "wanton and reckless" behavior and were grossly negligent. But recklessness and gross negligence are not a basis for nondischargeability of a debt under Section 523(a)(6). The Plaintiffs argue that the Court could draw the inference that there was "substantial certainty" that injury would occur because the lift was not maintained, and no safety inspections had occurred over twenty years. But the Plaintiffs again ask the Court to accept their conclusions. The Plaintiffs must allege facts that demonstrate that the harm was substantially certain to occur, not just probable. They must also allege facts showing that the Defendants had subjective knowledge that such substantial injury was likely to occur. The Plaintiffs have failed to do so.

For the foregoing reasons, the Motion will be granted and the Complaint will be dismissed by separate order.

By the Court,

Dated: February 4, 2022

*[signature]*

Janet E. Bostwick
United States Bankruptcy Judge